UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN GRAFF, et al.,  Case No. 1:09-cv-670
    Plaintiffs

                                             Dlott, J.
vs                                       Litkovitz, M.J.

HAVERHILL NORTH                 **REPORT AND**
COKE COMPANY, et al.,          **RECOMMENDATION**
    Defendants

Plaintiffs initiated this action pursuant to the Clean Air Act (CAA), 42 U.S.C. § 7401 et seq., the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 et seq., and state law seeking civil penalties, injunctive relief, and damages. This matter is before the Court on plaintiffs' motion for sanctions (Doc. 139), defendants' response in opposition (Doc. 141), and plaintiffs' reply thereto. (Doc. 143).

**I. Background**

On August 8, 2011, the undersigned issued an order granting in part plaintiffs' motion to compel discovery. (Doc. 125). Defendants were ordered to produce documents relating to the financial relationship between the defendant companies, Haverhill North Coke Company (Haverhill) and SunCoke Energy, Inc. (SunCoke), on or before September 7, 2011. *Id.* at 31, 60. Plaintiffs assert that, despite agreeing to extend this deadline to September 16, 2011, defendants failed to produce the finance-related discovery, offering instead to stipulate that defendant SunCoke is liable for all of defendant Haverhill's financial obligations to plaintiffs that result from this litigation. (Doc. 139, pp. 3-4 ; *see also Id.* at Ex. 1, p. 5).[1] Plaintiffs argue that

---

[1] Defendants provided the following stipulation in response to the production request: "Defendant SunCoke Energy Inc. stipulates as to its liability for all of Defendant Haverhill North Coke Company's financial obligations to Plaintiffs resulting from this litigation." (Doc. 139, Ex. 1, p. 5). As a result of this stipulation, defendants concluded that "the issue of SunCoke Energy Inc.'s derivative liability for its subsidiary, Haverhill North Coke Company, is

defendants' unilateral stipulation evades defendants' obligations under the August 8, 2011 order and that defendants' ongoing dilatoriness has prejudiced plaintiffs by unnecessarily prolonging this lawsuit. *Id.* at pp. 4-5. Plaintiffs seek the following sanctions: (1) that defendants be held in contempt of court until the required discovery is tendered; (2) an order under Rule 37(b)(2)(A)(i) holding defendant SunCoke directly liable for any liability under the CAA, the RCRA, and state law; (3) an order under Rule 37(b)(2)(A)(ii) prohibiting defendants from supporting any contentions that defendant SunCoke does not exercise pervasive control over Haverhill and that Haverhill has a mind and will of its own; and (4) an award of expenses, including attorneys' fees, under Rule 37(b)(2)(C) associated with the instant motion. *Id.* at pp. 7-8.

Defendants, in opposition, contend that their offer to enter into a stipulation with regard to SunCoke's liability was intended to narrow the scope of discovery and not, as plaintiffs contend, evade the Court's August 8, 2011 order. Defendants assert this is common practice and provide legal authority which allowed similar stipulations in lieu of the actual production of documents. Defendants further assert that counsel for the parties engaged in multiple conversations regarding the viability of the stipulation; that plaintiffs' counsel was dissatisfied with the offer; and that plaintiffs filed the instant motion before defense counsel had an opportunity to report back on the issue. Upon receipt of the motion, and in light of plaintiffs' articulated bases for rejecting the stipulation, defendants began preparation of the discovery, which was produced to plaintiffs on October 28, 2011. Defendants argue that their stipulation offer was made in good faith and supported by case law; that any delay was harmless as no depositions have occurred; and that such conduct does not warrant sanctions. (Doc. 141).

---

moot and the documents sought herein are no longer relevant to this litigation or discoverable." *Id.*

Plaintiffs reply that defendants' arguments are an attempt to divert the Court from their flagrant violation of the August 8, 2011 order. Plaintiffs claim that defendants were put on notice that the financial discovery was necessary not only to prove SunCoke's liability, but also to enable plaintiffs to prove SunCoke's involvement in connection with other facts relating to their requests for injunctive relief and punitive damages. Plaintiffs further note that defendants' assertions that they have produced all the required financial documents are unsupported and untrue as plaintiffs have not received various financial documents, such as defendants' tax returns. Lastly, plaintiffs assert the delay has caused them significant prejudice as they have been awaiting the financial discovery for 18 months and were required to seek court intervention, which has created an undue delay in advancing this matter towards trial. (Doc. 143).

**II. Standard**

"Under Federal Rule of Civil Procedure 37, if a party fails to obey a discovery order, the district court 'must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, [unless the failure was substantially justified or other circumstances make an award of expenses unjust].'" *Bell v. Ameritech Sickness and Acc. Disability Ben. Plan*, 399 F. App'x 991, 996 (6th Cir. 2010) (quoting Fed. R. Civ. P. 37(b)(2)(C)). The Sixth Circuit has held that a party meets the "substantially justified" standard if "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). With respect to whether sanctions are warranted pursuant to a Rule 37 motion, the court should consider the following factors: (1) whether the party's failure to provide the requested

discovery is due to willfulness, bad faith, or fault; (2) whether the moving party was prejudiced by the failure to provide the requested discovery; (3) whether the party not providing the requested discovery was aware of the potential for sanctions; and (4) with regard to the sanction of dismissal, whether less drastic sanctions could be imposed. *Id.* at 766.

The decision to impose sanctions for a party's failure to comply with a prior discovery order is a matter committed to the court's discretion. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976).

### III. Discussion

Upon a review of the parties' briefs and the attached documents, the undersigned recommends that plaintiffs' motion for sanctions be denied.

At issue are two of plaintiffs' requests for production of documents, Requests Numbers 9 and 97, concerning defendants' financial and corporate relationship. Request Number 9 seeks:

> All documents relating to the financial and corporate relationship which exists or has existed between Haverhill North Coke Company and its parent corporation, SunCoke Energy, Inc., including documents pertaining to the identities of each director, any officers, as well as information pertaining to each employee and company department that has served both companies.

(Doc. 125, pp. 30-31). Request Number 97 seeks:

> All documents relating to commercial transactions between SunCoke Energy, Inc. and HNCC, including but not limited to, any loans, asset transfers, and sales.

(Doc. 125, pp. 42-43). The Court will address each of plaintiffs' sought after sanctions in turn.

First, plaintiffs request that the Court hold defendants in contempt of court until the required discovery is tendered in full. As discussed *supra*, defendants were ordered to produce documents relating to the financial relationship and commercial transactions between Haverhill and SunCoke by September 7, 2011. (Doc. 125, pp. 31, 43). This Court granted plaintiffs'

motion to compel these documents because "the extent to which a parent company exerts financial control over a subsidiary and is involved in the decision-making and daily operations of the subsidiary are *relevant to the potential liability of the parent company*." *Id.* at p. 31 (emphasis added). Defendants inferred from this language that the purpose of the requested discovery was to establish SunCoke's liability for any alleged wrongdoings of Haverhill and, in the interest of economy, offered to stipulate that SunCoke was liable for any financial obligations of Haverhill stemming from this lawsuit. Defendants believed this stipulation would preclude the need to produce the financial relationship discovery as plaintiffs would no longer have to prove SunCoke's liability.

As noted by defendants, courts often encourage parties to "stipulate to any relevant disputed facts in order to tailor the scope and the need for discovery . . . ." *Enkhbayar Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp.2d 557, 564 (E.D. Va. 2006). *See also Ferron v. 411 Web Directory*, No. 2:09-cv-153, 2010 WL 298041, at *2 (S.D. Ohio Jan. 19, 2010) (denying motion to compel without prejudice and encouraging parties to agree on a stipulation in lieu of engaging in extensive discovery); *Exact Software North America v. Infocon, Inc.*, 479 F. Supp.2d 702, 711 (N.D. Ohio 2006) (court suggested that parties resolve discovery issues regarding corporate interrelationships via stipulation). The primary function of stipulations is to narrow "disputes to the essential disputed issues." *Leuhsler v. C.I.R.*, 963 F.2d 907, 911 (6th Cir. 1992) (quoting *Estate of Quirk v. Comm'r*, 928 F.2d 751, 759 (6th Cir. 1991)). Stipulations can obviate the need for parties to engage in expensive discovery and can limit the issues presented at trial, such as whether a parent company is financially liable for its subsidiary, and hasten the ultimate conclusion of a lawsuit. *See Banks v. Yokemick*, 214 F. Supp.2d 401, 405 (S.D.N.Y. 2002)

(noting that judicial admissions such as stipulations obviate the need for discovery, thus narrowing the scope of discovery and reducing trial time).

Given the efficacious practice of utilizing stipulations to limit and/or narrow discovery, the Court finds that defendants' position that a stipulation as to SunCoke's liability would eliminate the need to produce the financial discovery documents is substantially justified. There was a genuine dispute with respect to defendants' approach to fulfilling their obligations under the August 8, 2011 order and there is no evidence that defendants' failure to provide the financial discovery by the scheduled deadline was due to willfulness or bad faith. *Lexington-Fayette*, 407 F.3d at 765.

Moreover, this is not a case where defendants have produced no financial documents; rather, this is a case where plaintiff's claim the tendered discovery is lacking.[2] In addition, to the extent that plaintiffs contend sanctions are appropriate because defendants failed to support their claims of discovery compliance with evidence, such as an affidavit (Doc. 143 at 7, citing *Exact Software*, 479 F. Supp.2d at 716)[3], the Court disagrees.

Contrary to plaintiffs' assertion, counsel for defendants, Thomas R. Lotterman, did submit an affidavit attesting that defendants completed production of responsive documents on

---

[2] While defendants assert that they produced all responsive documents on October 28, 2011 (Doc. 141, p. 3), plaintiffs contend that the tendered discovery was deficient as it did not include "(a) each Defendant's federal tax returns (including consolidated tax returns); (b) each Defendant's state tax returns; (c) each Defendant's audited financial statements; (d) each Defendant's unaudited financial statements; (e) all drafts of such financial statements and tax documents; (f) communications relating to the preparation of financial statements and tax returns; and (g) drafts and memos concerning SEC filings, such as the S-1, 10-Q, and 10K." (Doc. 143, p. 7).

[3] The undersigned finds that the *Exact Software* case is distinguishable from the instant situation. In *Exact Software*, the court levied sanctions against the plaintiff after, *inter alia*, the plaintiff failed to meet five prior court discovery deadlines, refused to confirm the court's suggested stipulation, and denied the existence of materials which were later discovered. *Id* at 705, n.5; 707, n.8; 709. The undersigned does not find that defendants in the instant case are guilty of the type of "persistent and egregious" noncompliance that the *Exact Software* plaintiff demonstrated. *Id.* at 703.

October 28, 2011. *See* Doc. 141, Ex. 3, ¶ 10. This affidavit supports defendants' claims that they have produced "all documents responsive" to the relevant production requests shortly after plaintiffs filed the instant motion. Although the discovery responses were not tendered until after plaintiffs' motion was filed, given defendants' proffer of a stipulation and the circumstances under which the discovery was produced, this conduct does not warrant holding defendants in contempt of court. Accordingly, plaintiffs' request that defendants be held in contempt of court should be denied.

Plaintiffs' second requested sanction is a Court order holding SunCoke directly liable for any proven violations of the CAA, the RCRA, and state law. For the reasons stated above, the Court does not find that defendants should be subjected to any sanctions. However, as defendants have offered to stipulate to SunCoke's liability for Haverhill's financial obligations resulting from this litigation, the Court advises the parties to meet and confer for the purpose of determining whether they can come to an agreement as to SunCoke's liability for any or all of the claims plaintiffs have raised against Haverhill to potentially limit the scope of discovery.

Plaintiffs' third requested sanction is that defendants be prohibited from supporting their contentions that defendant SunCoke does not exercise pervasive control over Haverhill. Essentially, this request seeks to preclude defendants from using certain evidence at trial. "The preclusion of evidence not disclosed in discovery is a drastic remedy and will apply only in situations where the failure to disclose represents . . . flagrant bad faith and callous disregard of the rules." *Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007) (internal citation and quotations omitted). The evidence before the Court does not demonstrate that defendants have acted in flagrant bad faith or callously disregarded the Rules of Civil Procedure. Rather,

defendants interpreted the August 8, 2011 order as requiring the production of financial documents so that plaintiffs could establish SunCoke's financial liability for acts attributed to Haverhill and proffered to stipulate to this liability to eliminate the need for the discovery. The undersigned finds that this was a reasonable litigation strategy, not a demonstration of defendants' bad faith, and is undeserving of the severe sanction of precluding them from using certain evidence at trial.

Lastly, plaintiffs seek an award of expenses and attorney fees under Rule 37(b) for the costs associated with the instant motion for sanctions. In light of the above findings, the Court does not believe that an award of expenses and attorney fees is proper at this juncture as defendants' position with regard to proffering a stipulation in lieu of providing the financial discovery was substantially justified.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiffs' motion for sanctions (Doc. 139) be **DENIED**.

Date: 2/28/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN GRAFF, et al.,
    Plaintiffs

vs

HAVERHILL NORTH
COKE COMPANY, et al.,
    Defendants

Case No. 1:09-cv-670

Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).