UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN GRAFF, et al.,
    Plaintiffs

vs

HAVERHILL NORTH
COKE COMPANY, et al.,
    Defendants

Case No. 1:09-cv-670

Dlott, J.
Litkovitz, M.J.

ORDER

    This matter is before the Court following a telephone status conference held on April 5, 2012 before the undersigned magistrate judge. As discussed in the conference, the Court is implementing the following procedure in order to efficiently address the parties' dispute as to whether the approximately 1,500 documents listed in defendants' privilege log are discoverable.

    First, defendants will produce to plaintiffs and the Court a reorganized and pared down privilege log which excludes duplicate entries and documents previously tendered to plaintiffs and is organized under the two broad categories of documents defendants assert are protected by: (1) the settlement privilege; and (2) the attorney-client privilege and/or work product doctrine. Within these broad categories, defendants will organize the documents into sub-categories. Those documents for which the defendants assert a settlement privilege will be organized into the following six sub-categories: (1) draft letters; (2) general communications; (3) NOV presentations, including spreadsheets and graphs; (4) "root cause" write-ups; (5) report/study/technical (not related to an audit); and (6) general. Documents defendants assert are privileged under the attorney-client privilege or work product doctrine will be organized into the following five categories: (1) draft letters; (2) general communications; (3) compliance-related audits; (4) "litigation"/ 2008 URS

audits and updates; and (5) documents relating to the instant litigation (*Graff* litigation documents).

Second, the parties will submit ten (10) documents from each category to submit to the Court for *in camera* review. Plaintiffs and defendants will each choose five (5) documents from each of the eleven categories, for a total of 110 documents. This sampling shall include the original 29 documents already submitted to the Court for *in camera* review; thus, the parties will designate 81 new documents for the Court to review.

Third, the parties will submit briefs addressing the bases for the asserted privilege, including the sufficiency of the privilege log.

The undersigned believes that this process will hasten resolution of the discovery dispute related to the documents listed in the privilege log as it will provide both the parties and the Court with a greater understanding of the types of documents at issue without engaging in the arduous task of engaging in an *in camera* review of over 1,500 individual documents which, based on the 29 documents already received, could easily exceed 20,000 pages. The Court acknowledges that plaintiffs have not waived their right to seek this review.

The following schedule will control this process:

1. Defendants shall produce to plaintiffs and to the Court the re-organized privilege log reflecting the above-mentioned categories and sub-categories on or before **April 10, 2012**;

2. The parties shall provide the Court the list of 110 documents identified for *in camera* review on or before **April 13, 2012**;

3. Defendants shall provide copies of these 110 documents, in both their original redacted and un-redacted forms, to the Court on or before **April 27, 2012**;

4. Defendants shall file their brief in support of their asserted privileges for the identified 100 documents, including any affidavits and/or other supporting documentation, on or before **May 4, 2012**;

2

5. Plaintiffs shall file their response brief on or before **May 25, 2012**;

6. Defendants shall file their reply brief on or before **June 8, 2012**; and

7. Plaintiffs shall file their sur-reply brief on or before **June 22, 2012**.

**IT IS SO ORDERED**

Date 4/5/12

Karen L. Litkovitz
United States Magistrate Judge